UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.  |
| | ) | |
| ALEXIS T. YOUNG | ) | 18 U.S.C. § 1349 |
| ANGELA YOUNG | ) | 18 U.S.C. § 1028(f) |
| CYNTHIA MULLINS | ) | 18 U.S.C. § 1028A |
| MONTREASE YOUNG | ) | 42 U.S.C. § 1320d-6(a)(3) |
| CHAVONNE JACKSON | ) | 42 U.S.C. § 408(a)(8) |
| | ) | |
| Defendants. | ) | |

### INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

#### Conspiracy

At all times material to this indictment:

1. The Medical Facility, located in Illinois, was a "person" as defined by HIPAA, and therefore subject to the standards. 42 U.S.C. § 1320d-1.

2. The Health Insurance Portability and Accountability Act of 1996 (HIPAA) provided for the establishment of standards and requirements for the electronic transmission of certain health information. 42 U.S.C. § 1320d-6 (2000).

3. HIPAA provided criminal sanctions for the disclosure of "unique health identifiers" or "individually identifiable health information", in violation of HIPAA, that is, health information that *inter alia*, "identifies the individual" or "with respect to which there is a reasonable basis to believe that the information can be used to identify the individual." 42

1

U.S.C. § 1320d(6)(a) and § 1320d(6). The individually identifiable health information includes names, social security numbers, and dates of birth.

4. The defendant, ANGELA YOUNG, was employed by the Medical Facility as a clerk and had access to unique health identifiers and individually identifiable health information of patients at the Medical Facility including the names, dates of birth, social security numbers, patient account numbers, insurance information, and account payments.

5. The Social Security Administration (SSA) is a department and agency of the United States which is authorized to issue social security numbers (SSN) to individuals.

6. A financial institution is defined pursuant to 18 U.S.C. §20 and 31 U.S.C. § 5312. An operator of a credit card system is a financial institution pursuant to 31 U.S.C. § 5312(a)(2).

7. The following addresses, as well as those known and unknown to the grand jury, were utilized by various defendants and individuals associated with the conspiracy: (a) Janet Place, Hammond, IN; (b) Hamlin Street, Gary, IN; (c) Louisiana Street, Gary, IN; (d) North Sedgewick Avenue, Chicago, IL; and (e) West 127th, Calumet Park, IL;

8. The following known telephone numbers, as well as those known and unknown to the grand jury, were utilized by various defendants and individuals associated with the conspiracy: (a) 219-xxx-4025; (b) 219-xxx-4026; and (c) 815-xxx-7567;

9. From in or about June 2007 and continuing through in or about October 2009, in the Northern District of Indiana and elsewhere,

**ALEXIS T. YOUNG,**
**ANGELA YOUNG,**
**CYNTHIA MULLINS,**
**MONTREASE E. YOUNG, and**
**CHAVONNE JACKSON,**

2

defendants herein, did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree with other persons, known and unknown to the grand jury, to commit the following offenses against the United States:

> *(a) to knowingly use, without lawful authority, a means of identification of another person, in and affecting interstate and foreign commerce, that being the name, date of birth, and social security number of numerous individuals by obtaining credit cards, purchasing merchandise, and paying for various utilities in the names of various individuals without their knowledge, authority, and permission with the intent to commit and to aid and abet, any unlawful activity which constitutes a violation of federal law, to wit: social security fraud pursuant to 42 U.S.C. §408(a)(7)(B), credit card fraud pursuant to 18 U.S.C. §1029(a)(2), mail fraud pursuant to 18 U.S.C. §1341, and wire fraud pursuant to 18 U.S.C. §1343; and by such conduct the defendants did obtain items of value aggregating $1,000.00 or more during a one (1) year period in violation of Title 18, United States Code, Sections 1028(a)(7), 1028A, and 1028(f); and*
>
> *(b) to knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution and to obtain the moneys, funds, assets, and other property owned by, and under the custody and control of, a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1344 and 1349;*

### Object of the Conspiracy

10. To utilize the names, dates of birth, and social security numbers of the victims without their knowledge, authority, and permission in order to obtain credit cards which resulted in the purchase of merchandise, credit card payments, and other funds being withdrawn from the credit card accounts for the personal benefit and gain of the defendants. The defendant, ANGELA YOUNG, as an employee of the Medical Facility, disclosed the individually identifiable health information of the victims with the intent to sell, transfer, and use the information for her personal gain and benefit as well as the personal gain and benefit of the defendants ALEXIS YOUNG, MONTREASE YOUNG, CYNTHIA MULLINS, CHAVONNE JACKSON, and others known and unknown to the grand jury;

3

### Manner and Means of the Conspiracy

11. It was part of the conspiracy that the defendants: (a) obtained the names, dates of birth, and social security numbers of the victims, the majority of whom were patients at the Medical Facility during the alleged time frame; (b) obtained the personal information of the numerous victims through the defendant, ANGELA YOUNG, who was an employee of the Medical Facility, and accessed the aforementioned personal information of patients at the Medical Facility as well as the health insurance information, state identification documents, i.e., driver's licenses and state identification cards, credit card accounts, and personal checks, which was provided to the defendants, known and unknown to the grand jury; (c) opened on-line credit card accounts utilizing various email addresses, telephone numbers, and addresses in Northwest Indiana and Illinois; (d) directed the mail, including billing statements, debit cards, credit cards, and merchandise, on the fraudulently opened credit card accounts to addresses, known and unknown to the grand jury, in Northwest Indiana and Illinois; and (e) made purchases with the credit cards through the use of computers and telephones wherein the merchandise was shipped to several address in Northwest Indiana and Illinois.

### Acts In Furtherance of the Conspiracy

In furtherance of the conspiracy, and to affects its objects, in the Northern District of Indiana and elsewhere,

**ALEXIS YOUNG,
ANGELA YOUNG,
CYNTHIA MULLINS,
MONTREASE YOUNG, and
CHAVONNE JACKSON,**

defendants herein, and others known and unknown to the grand jury, performed the following:

4

12. Between on or about June 2007 and continuing through on or about October 2009, as part of the on-going fraud scheme, the defendants, along with others known and unknown to the grand jury, accessed and obtained the names, dates of birth, social security numbers (SSN), individually identifiable health information, and credit information of the victims without their knowledge, authority, and permission;

13. Between on or about June 2007 and continuing through on or about October 2009, as part of the on-going fraud scheme, the defendants, along with others known and unknown to the grand jury, opened credit cards in the names of the victims without the knowledge, authority, and permission of the victims;

14. Between on or about June 2007 and continuing through on or about October 2009, as part of the on-going fraud scheme, several telephone numbers and addresses were utilized by the defendants, along with other known and unknown to the grand jury, to facilitate obtaining the credit cards including, but not limited to, the following: (a) 219-xxx-4025; (b) 219-xxx-4026; (c) 815-xxx-7567; (d) Janet Place, Hammond, IN; (e) Hamlin Street, Gary, IN; Louisiana Street, Gary, IN; (f) Adams Street, Gary, IN; (g) North Sedgwick Avenue, Chicago, IL; (h) Eberhart Avenue, Chicago, IL; and (i) West 127th, Calumet Park, IL. In addition, as part of the on-going fraud scheme, several email addresses and internet protocol (IP) addresses were utilized by the defendants, along with other known and unknown to the grand jury, to facilitate obtaining the credit cards, merchandise, and services;

15. On or about June 16, 2007, an on-line HSBC/Orchard Bank Platinum MasterCard credit card application in the name of KR was submitted utilizing a Gary, IN address associated

5

with the defendants, along with others known and unknown to the grand jury, without the knowledge, authority, and permission of KR;

16. On or about June 17, 2007, an on-line Credit One Bank Visa credit card application, utilizing the personal identifying information (PII) of KR was submitted utilizing the Janet Place, Hammond, IN address without the knowledge, authority, and permission of KR;

17. In or about August 2007, an on-line Wells Fargo Four Seasons Visa credit card application, utilizing the personal identifying information (PII) of KW was submitted utilizing the Janet Place, Hammond, IN address without the knowledge, authority, and permission of KW. There were fraudulent purchases made on the credit card without the knowledge, authority, and permission of KW. Additionally, an attempt was made to open an account in the name of KW at a heating and air conditioning business without the knowledge, authority, and permission of KW;

18. On or about January 7, 2008, an on-line Capital One Visa credit card application, utilizing the personal identifying information (PII) of EL was submitted utilizing the Janet Place, Hammond, IN address without the knowledge, authority, and permission of EL. EL's PII was found at the Janet Place, Hammond, IN address without EL's knowledge, authority, and permission;

19. On or about February 13, 2008, a WFNNB credit card application, utilizing the personal identifying information (PII) of HT was obtained without the knowledge, authority, and permission of HT. The credit card was used to make purchases from Harlem Furniture and subsequently delivered to the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of HT;

6

20. On or about February 29, 2008, an on-line Barclays Bank credit card application, utilizing the personal identifying information (PII) of JM was submitted utilizing the North Sedgwick Street, Chicago, IL address without the knowledge, authority, and permission of JM. The PII of JM was found at the Janet Place, Hammond, IN address without the knowledge, authority, and permission of JM;

21. On or about March 1, 2008, an on-line Credit One Bank Visa credit card application, utilizing the personal identifying information (PII) of KK was submitted utilizing the Janet Place, Hammond, IN address without the knowledge, authority, and permission of KK;

22. On or about April 25, 2008, an on-line Neiman Marcus credit card application, utilizing the personal identifying information (PII) of MN was submitted utilizing the Janet Place, Hammond, IN address without the knowledge, authority, and permission of MN. The Neiman Marcus account information included the Janet Place, Hammond, IN address, the telephone number 815-xxx-7567, and an IP address associated with the defendants, along with those known and unknown to the grand jury;

23. On or about April 26, 2008, an on-line Capital One MasterCard credit card application, utilizing the personal identifying information (PII) of MS was submitted utilizing the Adams Street, Gary, IN address without the knowledge, authority, and permission of MS. The PII of MS was found at the Janet Place, Hammond, IN address without the knowledge, authority, and permission of MS;

24. On or about May 20, 2008, purchases were made on a credit card which utilized the personal identifying information (PII) of JB utilizing the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of JB. The PII of JB and a credit card bearing

JB's name were found at the Janet Place, Hammond, IN address without the knowledge, authority, and permission of JB;

25. On or about September 22, 2008, an on-line Capital One MasterCard credit card application, utilizing the personal identifying information (PII) of AJ, a minor, was submitted utilizing the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of AJ, a minor. The credit card was mailed to the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of AJ, a minor. The PII of AJ, a minor, was found at the Janet Place, Hammond, IN address without the knowledge, authority, and permission of AJ, a minor;

26. On or about September 24, 2008, an on-line First National Bank of Omaha credit card application, utilizing the personal identifying information (PII) of NT was submitted utilizing the Janet Place, Hammond, IN address without the knowledge, authority, and permission of NT. While the credit card application was denied, the PII of NT was found at the Janet Place, Hammond, IN address without the knowledge, authority, and permission of NT;

27. On or about November 4, 2008, an on-line Chase First USA credit card application and an on-line Credit One Bank credit card application, utilizing the personal identifying information (PII) of JZ were submitted utilizing the Janet Place, Hammond, IN address and IP address associated with the defendants, known and unknown to the grand jury, without the knowledge, authority, and permission of JZ;

28. On or about November 15, 2008, an on-line Walmart credit card application, utilizing the personal identifying information (PII) of MaB was submitted utilizing the Janet Place, Hammond, IN address without the knowledge, authority, and permission of MB. The PII

8

of MB was found at the Janet Place, Hammond, IN address without the knowledge, authority, and permission of MaB;

29. On or about November 25, 2008, purchases were made on a WFNNB/Victoria's Secret credit card, utilizing the personal identifying information (PII) of NS without the knowledge, authority, and permission of NS. The PII of NS, along with the credit account number were found at the Janet Place, Hammond, IN address without the knowledge, authority, and permission of NS;

30. On or about November 26, 2008, purchases were made on a WFNNB/Harlem Furniture credit card, utilizing the personal identifying information (PII) of MiB without the knowledge, authority, and permission of MiB. The PII of MiB and credit card were found at the Janet Place, Hammond, IN address without the knowledge, authority, and permission of MiB;

31. On or about December 9, 2008, purchases were made on a GE Money Bank credit card, utilizing the personal identifying information (PII) of JK without the knowledge, authority, and permission of JK. Merchandise was ordered on the credit card and shipped to the Janet Place, Hammond, IN address without the knowledge, authority, and permission of JK. Additionally, the PII of JK and credit information were found at the Janet Place, Hammond, IN address without the knowledge, authority, and permission of JK;

32. On or about January 4, 2009, an on-line GE Money Bank/Chevron credit card application, utilizing the personal identifying information (PII) of AP was submitted utilizing the Janet Place, Hammond, IN address without the knowledge, authority, and permission of AP;

33. On or about March 1, 2009, an on-line Discover credit card application, utilizing the personal identifying information (PII) of BK was submitted utilizing the Hamlin Street, Gary,

9

IN address without the knowledge, authority, and permission of BK. While the credit card was declined, the PII of BK was found at the Janet Place, Hammond, IN address along with a Citi Platinum credit card correspondence addressed to BK at the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of BK;

34. On or about March 7, 2009, an on-line LLBean Visa credit card application, utilizing the personal identifying information (PII) of JM was submitted utilizing the West 127th Street, Calumet Park, IL address without the knowledge, authority, and permission of JM. The credit card was found at the Janet Place, Hammond, IN address along with the PII of JM without the knowledge, authority, and permission of JM;

35. On or about March 20, 2009, an on-line Barclays Bank Delaware/Juniper credit card application, utilizing the personal identifying information (PII) of ST was submitted utilizing the Janet Place, Hammond, IN address without the knowledge, authority, and permission of NT. While the credit card application was denied, the PII of ST was found at the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of ST;

36. On or about April 9, 2009, an on-line LLBean Visa credit card application, utilizing the personal identifying information (PII) of JP was submitted utilizing the Louisiana Street, Gary, IN address without the knowledge, authority, and permission of JP. The PII of JP was found at the Hamlin Street, Gary, IN address along with a credit card bearing JP's name and a photostatic of JP's driver's license. The information and items were at this location without the knowledge, authority, and permission of JP;

37. On or about April 12, 2009, an on-line American Express credit card application, utilizing the personal identifying information (PII) of MS was submitted utilizing the Louisiana

10

Street, Gary, IN address without the knowledge, authority, and permission of MS. While the credit card application was denied, the PII of MS was found at the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of MS;

38. On or about April 17, 2009, an on-line Capital One MasterCard credit card application, utilizing the personal identifying information (PII) of LR was submitted utilizing the Louisiana Street, Gary, IN address without the knowledge, authority, and permission of LR. The credit card was mailed to the Louisiana Street, Gary, IN address without the knowledge, authority, and permission of LR. Additionally, the credit card and letter addressed to LR was found at the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of LR;

39. On or about April 25, 2009, an on-line Capital One credit card application, utilizing the personal identifying information (PII) of EC was submitted utilizing the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of EC. While the credit card application was denied, the PII of EC was found at the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of EC;

40. On or about April 25, 2009, an on-line Capital One credit card application, utilizing the personal identifying information (PII) of JC was submitted utilizing the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of JC. While the credit card application was denied, the PII of JC was found at the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of JC;

41. On or about April 25, 2009, an on-line Capital One credit card application, utilizing the personal identifying information (PII) of HT was submitted utilizing the Hamlin

11

Street, Gary, IN address without the knowledge, authority, and permission of HT. The credit card was mailed to the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of HT;

42. On or about May 2, 2009, an on-line Discover credit card application, utilizing the personal identifying information (PII) of TW was submitted utilizing the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of TW. While the credit card application was denied, a photostatic copy of TW's driver's license was found at the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of TW;

43. On or about May 4, 2009, an on-line LLBean credit card application, utilizing the personal identifying information (PII) of RM was submitted utilizing the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of RM. The credit card was mailed to the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of RM. Additionally, the PII of RM, a credit card bearing RM's name, and correspondence addressed to RM were found at the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of RM;

44. On or about May 4, 2009, a Citi Platinum MasterCard rejection letter was issued to MG at West 127th, Calumet Park, IL address. The letter was recovered at the Janet Place, Hammond, IN address and the PII of MG was found at the Hamlin Street, Gary, IN address. All of this occurred without the knowledge, authority, and permission of MG;

45. On or about May 4, 2009, a RoomPlace credit card rejection letter was issued to DA at Louisiana Street, Gary, IN address. The letter was recovered at the Janet Place,

Hammond, IN address and the PII of DA was found at the Hamlin Street, Gary, IN address. All of this occurred without the knowledge, authority, and permission of DA;

46. On or about May 7, 2009, an HSBC/Neiman Marcus credit card rejection letter was issued to LR at the Hamlin Street, Gary, IN address. The letter was recovered at the Hamlin Street, Gary, IN address as well as a photostatic copy of LR's driver's license. All of this occurred without the knowledge, authority, and permission of LR;

47. On or about May 7, 2009, an on-line account was opened in the name of RD at Fifth Third Bank utilizing the PII of RD without the knowledge, authority, and permission of RD. The debit card and box of checks were found at the Janet Place, Hammond, IN address. A photostatic copy of RD's driver's license was found at the Hamlin Street, Gary, IN. The information and items were at these locations without the knowledge, authority, and permission of RD;

48. On or about May 30, 2009, an on-line GE Money Bank/Walmart credit card application, utilizing the personal identifying information (PII) of IL was submitted utilizing the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of IL. While the credit card was declined, the PII of IL was found at the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of IL;

49. On or about June 4, 2009, a GE Money Bank/JC Penney credit card rejection letter was issued to MaS at the Hamlin Street, Gary, IN address. The letter was recovered at the Hamlin Street, Gary, IN address and existed without the knowledge, authority, and permission of MaS;

13

50. On or about June 22, 2009, a Home Depot account was opened in the name of JG utilizing the PII of JG without the knowledge, authority, and permission of JG. The Home Depot card and correspondence addressed to JG were found at the Hamlin Street, Gary, IN address, as well as a photostatic copy of JG's driver's license. All of this occurred without the knowledge, authority, and permission of JG;

51. Between in or about June 2009 and continuing through September 2009, the Medical Facility's bank accounts were accessed by ANGELA YOUNG and used to pay on the credit card accounts of ALEXIS YOUNG;

52. On or about October 25, 2009, a GE Money Bank/Walmart on-line applications, utilizing the personal identifying information (PII) of JaR was submitted utilizing the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of JaR;

53. On or about October 25, 2009, a GE Money Bank/Walmart on-line applications, utilizing the personal identifying information (PII) of JH was submitted utilizing the Hamlin Street, Gary, IN address without the knowledge, authority, and permission of JH;

All in violation of Title 18, United States Code, Sections 1349 and 1028(f).

**THE GRAND JURY FURTHER CHARGES:**

## COUNTS 2-4

### Aggravated Identity Theft

The defendants herein, as listed below, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a violation of credit card fraud pursuant to 18 U.S.C.§ 1029(a)(2) and social security fraud pursuant to 42 U.S.C. §408(a)(7)(B), and by such conduct the defendants did obtain items of value aggregating $1,000.00 or more during a one (1) year period in the Northern District of Indiana and elsewhere;

| Count | In or About Date | Defendant | Account # | Victim |
|---|---|---|---|---|
| 2 | March 2009 through September 2009 | Alexis Young Angela Young | 6442 LLBean Visa Card | JM |
| 3 | May 2009 through June 2009 | Alexis Young Angela Young | 7259 Home Depot Credit Card | JG |
| 4 | May 2009 through August 2009 | Alexis Young Angela Young | 4098 Debit Card | RD |

All in violation of Title 18, United States Code, Sections 1028A and 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 5

### HIPPA Violation

From in or about August 2007 and continuing through in or about July 2009, in the Northern District of Indiana and elsewhere,

**ANGELA YOUNG,**

defendant herein, did knowingly, and for reasons other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, use, disclose, and cause to be used individually identifiable health information to another person, with the intent to sell, transfer and use the information for personal gain, to wit: the defendant did unlawfully use and disclose the names, social security numbers, and dates of birth of patients at the Medical Facility to individuals, wherein the information was used to obtain credit cards, merchandise, and services for the personal gain of the defendant and others;

All in violation of Title 42, United States Code, Sections 1320d-6(a)(3).

**THE GRAND JURY FURTHER CHARGES:**

## COUNTS 6 - 11

Unlawful Use and Disclosure of Social Security Numbers

From in or about, the below listed dates, in the Northern District of Indiana and elsewhere,

**ANGELA YOUNG,**

defendant herein, did knowingly disclose and use, the social security number of another person in violation of the laws of the United States, to wit: the defendant, without authorization, did use and disclose the social security number (SSN) of each of the below-listed individuals, in violation of Title 42, United States Code, Sections 1320d-6 and Section 408(a)(7)(B) and Title 18, United States Code, Sections 1028A, that is, she wrongfully obtained, disclosed, and used individually identifiable health information of these individuals for personal gain and benefit:

| Count | In or About Date | 4 Digits of SSAN | Initials of Victim |
|-------|------------------|------------------|--------------------|
| 6     | March 2009       | 1796             | JM                 |
| 7     | April 2009       | 9523             | LR                 |
| 8     | April 2009       | 2420             | JC                 |
| 9     | May 2009         | 2588             | TW                 |
| 10    | May 2009         | 0663             | RM                 |
| 11    | June 2009        | 0265             | MS                 |

All violation of Title 42, United States Code, Section 408(a)(8) and Title 18, United States Code, Section 2.

A TRUE BILL:

s/ Foreperson
Foreperson


DAVID A. CAPP
UNITED STATES ATTORNEY

By: s/ Toi Denise Houston
Toi Denise Houston
Assistant United States Attorney

18